**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3469
_____

CLEON AINSWORTH SAMUELS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-202-440)
Immigration Judge: Kuyomars Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 16, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Cleon Samuels has filed a petition for review (PFR) to challenge a decision of the Board of Immigration Appeals (BIA) that denied his motion to reopen proceedings before the agency. The PFR will be denied.

I.

Samuels is a citizen of Jamaica who entered the United States as a teenager and overstayed his tourist visa. Over a decade later, the Department of Homeland Security charged him with removability under 8 U.S.C. § 1227(a)(1)(B) ("Any alien who is present in the United States in violation of this chapter or any other law of the United States . . . is deportable."). Through counsel (Gerald Grey), Samuels conceded the charge.

The deadline set by the Immigration Judge (IJ) for Samuels to file applications for relief passed without any such filings. As a result, the IJ entered an order of removal, reasoning that Samuels had effectively abandoned any potential applications for relief.

Still represented by Grey, Samuels then filed a motion to reopen backed by an excuse for the missed deadline. The motion was rejected because it was not accompanied by evidence of payment of the filing fee, so Samuels next filed a request for a fee waiver. But that request was rejected because it did not include proof of service.

Samuels, through Grey, again tried to rehabilitate the motion. But his efforts were rejected as "illegible," or lacking proof of service, or because Samuels was not eligible (and had not attached an application) for the underlying relief being sought.

Soon after, Samuels terminated Grey's representation and appealed the IJ's latest order. The BIA: affirmed the IJ's reopening ruling; construed part of Samuels's appeal as

2

a motion to reopen based on ineffective assistance of counsel; determined that Samuels had not complied with the procedural requirements for ineffectiveness claims, under In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988); and denied reopening.

Samuels retained pro bono counsel and filed another motion to reopen with the BIA, which was denied by decision dated December 20, 2022. The BIA determined that the new motion was time- and number-barred, and that equitable tolling was not warranted. The BIA acknowledged that Samuels was newly compliant with Lozada, but rejected the ineffectiveness claim because Samuels failed to show that he was prejudiced by Grey's representation. Specifically, the BIA determined that any properly filed application for cancellation of removal would have been denied, either because Samuels failed to satisfy the requirement of "exceptional and extremely unusual hardship" to a qualifying relative, 8 U.S.C. § 1229b(b)(1)(D), or because relief would be inappropriate as a matter of discretion in light of his numerous interactions with law enforcement.

Samuels, back to proceeding pro se, timely filed a PFR in this Court to seek review of the BIA's December 20, 2022 decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). See Kucana v. Holder, 558 U.S. 233, 253 (2010). Our review is for abuse of discretion. See id. at 242.

## III.

Generally speaking, "a party may file only one motion to reopen deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative

decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); see also Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). In his opening brief, Samuels challenges the BIA's determinations that his motion to reopen was time- and number-barred, and that he failed to present a viable basis for equitable tolling. According to Samuels, his first filing with the BIA was misclassified, in part, as a motion to reopen; and his actual such motion was, if late at all, only so "due to complications related to the Petitioner's incarceration and the COVID-19 pandemic."

We are skeptical of Samuels's arguments to the extent they disregard both the motion to reopen filed with the IJ by Grey, and the fact that Samuels's latest motion to reopen was prepared by counsel. Nevertheless, we will assume, arguendo, that Samuels's motion was procedurally proper. We will also assume, for purposes of reopening based on an ineffectiveness claim, that Grey sufficiently mishandled the proceedings at the IJ level.

But even giving Samuels the benefit of those assumptions is no meaningful help for his PFR. Critically, the BIA was correct to determine that Samuels's ineffectiveness claim was not supported by an adequate showing of prejudice. See Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007) (explaining that "an alien claiming ineffective assistance of counsel in removal proceedings must, in addition to showing that his lawyer committed unprofessional errors, show that there was a 'reasonable likelihood that the result would have been different if the error[s] . . . had not occurred'") (citation omitted). Samuels's counseled motion to reopen in the BIA did little more than promise that, "if given the opportunity, [he] would be able to present to the [IJ] evidence of the extreme

4

and exceptionally unusual hardship to his U.S. citizen relative[s]." A promise in a brief or motion is no substitute for proof. See Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) ("[T]he prima facie case standard for a motion to reopen . . . requires the applicant to produce objective evidence"); cf. I.N.S. v. Phinpathya, 464 U.S. 183, 188 n.6 (1984).

Samuels's failure to explain exactly how he satisfies § 1229b(b)(1)(D) was reason enough for the BIA to deny the motion to reopen, and is reason enough for us to deny the PFR. Even now, all Samuels offers is a conclusory statement that he "meets the non-discretionary factors" for cancellation of removal. That is deficient in substance, if not grounds for deeming the issue forfeited altogether. Cf. Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012).

There is, moreover, another reason the PFR must be denied. The BIA rightly doubted that Samuels would receive a discretionary grant of cancellation of removal—regardless of statutory eligibility—given his extensive record of law-breaking, which is detailed in the December 20, 2022 decision. Samuels now accuses the BIA of usurping the role of the IJ and engaging in "improper fact finding." He is incorrect. That the IJ never addressed whether to grant cancellation of removal as a discretionary matter did not preclude the BIA from reaching that issue in the context of considering a motion to reopen. See INS v. Abudu, 485 U.S. 94, 105 (1988) ("[I]n cases in which the ultimate grant of relief is discretionary . . . the BIA may leap ahead, as it were, over the two threshold concerns . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."); see also Filja v. Gonzales, 447 F.3d 241, 255 (3d Cir. 2006).

## VI.

For all of the reasons given above, the PFR will be denied.